IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
    Petitioner,

vs.                                       Case No.: 3:08cv250/RV/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's third amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 34). Respondent filed a motion to dismiss and relevant portions of the state court record (Doc. 43). Petitioner filed a response and a supplemental response to the motion to dismiss (Docs. 47, 49).

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

      The procedural background of this case is undisputed by the parties and established by the state court record. Following a jury trial in the Circuit Court for Escambia County, Florida, Petitioner was convicted of one count of illegal use of personal identification information, one count of grand theft, and one count of resisting arrest without violence (Doc. 43, Ex. A). He was sentenced on August 3, 2008, to a term of five (5) years of imprisonment for each charge to run

consecutively for a total of fifteen (15) years of imprisonment with no pre-sentence jail credit (*id.*, Doc. 34 at 1). On September 8, 2008, Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal (First DCA) (Doc. 43, Ex. B). The appeal is pending (*see* First DCA case docket, Marts v. Florida, case number 1D08-4577).[1] Petitioner's attorney has not yet filed an initial brief.

Petitioner filed the instant habeas action on June 10, 2008 (Doc. 1 at 6). Petitioner subsequently filed a third amended habeas petition on December 17, 2008 (Doc. 34 at 9). Respondent argues that Petitioner failed to exhaust his claims as Petitioner's appeal is pending (Doc. 43 at 2).

II.  EXHAUSTION

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States."

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed.2d 1 (1999);

---

[1] http://www.1dca.org

[2] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Case No: 3:08cv250/RV/EMT

Picard, 404 U.S. at 277–78. In Florida, exhaustion of state remedies generally requires a direct appeal or an appeal from the denial of a post-conviction motion. *See* Leonard v. Wainwright, 601 F.2d 807 (5th Cir. 1979). A federal district court ordinarily must dismiss without prejudice a habeas petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 1204, 71 L. Ed.2d 379 (1982). The only exception to this rule recognized by the Eleventh Circuit is where it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default. *See* Snowden v. Singletary, 135 F.3d 723, 736 (11th Cir. 1998). In that case, the district court may treat those claims barred by state law as no basis for federal habeas relief. *Id.*

Within this framework, the court will review Petitioner's claim.

### III. PETITIONER'S CLAIM

"State Court Divest [sic] of Subject Matter Jurisdiction"

(Doc. 34 at 6). Petitioner appears to claim that the state court lacks subject matter jurisdiction because there was no procedure for determining the legality of his pre-trial detainment and his trial was not fair or impartial (*id.* at 4). Respondent contends that because Petitioner's appeal is pending before the First DCA, Petitioner has not exhausted his state court remedies and his habeas petition should be dismissed (Doc. 43 at 2). In response, Petitioner states that he has diligently attempted to raise his claim in state court to no avail (Doc. 47 at 10). Petitioner argues that he presented his claim to the state court and the court has refused to rule on his claims; therefore, Petitioner argues, he has exhausted his claims in state court because he has given the courts an opportunity to determine the merits of his claims (*id.*). Petitioner argues further that if this court determines that he has not exhausted his state court remedies, Petitioner seeks a stay of this habeas proceeding pending the disposition of his state claim (*id.* at 10–11).

Petitioner acknowledges that his appeal is pending (Doc. 34 at 2). Indeed, a review of the case docket activity for Marts v. Florida, case number 1D08-4577, confirms that as of today's date, Petitioner's direct appeal is pending, and Petitioner's attorney has not yet filed an initial brief (*see* www.1dca.org (search for Case Number 1D08-4577)). Petitioner has failed to demonstrate that there is an absence of an available state corrective process or that circumstances exist that render the state process ineffective to protect his rights. Moreover, Petitioner has the right to raise the

claim that the state court lacked subject matter jurisdiction on direct appeal.  In sum, Petitioner has failed to exhaust his state court remedies as his direct appeal is still pending.  Therefore, Petitioner is not entitled to habeas relief on this claim.

Accordingly, it is respectfully **RECOMMENDED**:

That the third amended petition for writ of habeas corpus (Doc. 34) be **DENIED**.

At Pensacola, Florida, this 15th day of April 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**